UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| M.J.L. AND R.R.R.,<br>*Plaintiffs*<br><br>v.<br><br>KEVIN MCALEENAN, ACTING SECRETARY OF U.S. HOMELAND SECURITY, WILLIAM BARR, ATTORNEY GENERAL OF THE UNITED STATES AND HEAD OF THE UNITED STATES DEPARTMENT OF JUSTICE, KENNETH CUCCINELLI II,[1] DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, LAURA ZUCHOWSKI,[2] DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES VERMONT SERVICE CENTER, LOREN MILLER,[3] DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, AND DONALD NEUFELD, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES SERVICE CENTER OPERATIONS,<br>*Defendants* | CIVIL NO. A-19-CV-00477-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before this Court are Defendants' Motion and Memorandum in Support of Defendants' Motion to Dismiss, filed July 31, 2019 (Dkt. No. 20); Plaintiffs' Opposition to Defendants' Motion to

---

[1] On June 10, 2019, Kenneth Cuccinelli II became the Acting Director of United States Citizenship and Immigration Services, replacing Francis Cissna. Accordingly, the Court substitutes Kenneth Cuccinelli II as a Defendant in this case pursuant to FED. R. CIV. P. 25(d).

[2] Laura Zuchowski is the Director of the Vermont Service Center. Accordingly, the Court substitutes Laura Zuchowski as a Defendant in this case. *Id.*

[3] Loren Miller is the Director of the Nebraska Service Center. Accordingly, the Court substitutes Loren Miller as a Defendant in this case. *Id.*

Dismiss,[4] filed August 15, 2019 (Dkt. No. 23); Defendants' Reply in Support of Motion to Dismiss (Dkt. No. 24); and Plaintiffs' Surreply, filed August 28, 2019 (Dkt. No. 29). On August 29, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

### A. The U Visa Classification

In October 2000, Congress amended the Immigration and Nationality Act ("INA"), 8 U.S.C. Ch. 12, creating a new non-immigrant visa classification known as the "U Visa" for any alien who is the victim of a qualifying crime in the United States and who assists law enforcement in the investigation or prosecution of that crime. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464 (2000) (codified at 8 U.S.C. § 1101(a)(15)(U)). The purpose of the U Visa program "is to strengthen the ability of law enforcement agencies to investigate and prosecute such crimes as domestic violence, sexual assault, and trafficking in persons, while offering protection to alien crime victims in keeping with the humanitarian interests of the United States." New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014-01 (Sept. 17, 2007).

The United States Citizenship and Immigration Service ("USCIS"), a department within the Department of Homeland Security ("DHS"), is the agency responsible for adjudicating visa

---

[4] Plaintiffs' Response is titled "Plaintiffs' Opposition to Defendants' Motion to Dismiss *and Rule 56 Motion for Summary Judgment*" (emphasis added). Dkt. No. 23 at p. 1. This appears to be a typographical error, as Defendants have not moved for summary judgment.

applications.[5] 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14(c)(1). To qualify for a U Visa, an applicant must submit an I-918 Petition for U Nonimmigrant Status ("U Visa Petition") and show that he "suffered substantial physical or mental abuse as a result of having been a victim" of a qualifying crime in the United States, has "credible and reliable information" about the crime, and "has, is, or is likely to provide assistance to the investigation or prosecution of the" criminal activity. 8 C.F.R. § 214.14(b).

The USCIS has the sole discretion whether to grant or deny a U Visa. 8 U.S.C. § 1101(a)(15)(U). If a petitioner's U Visa application is granted, the petitioner receives a U Visa and work authorization that lasts four years. 8 U.S.C. § 1184(p)(3). Additionally, after three years of continued physical presence on a U Visa, a nonimmigrant may apply to adjust her status to a lawful permanent resident. 8 U.S.C. § 1255(m)(1).

The number of aliens who may be issued U Visas is capped at 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2). In 2007, the USCIS created a regulatory waiting list program to respond to the backlog[6] of U Visa applications. 8 C.F.R. § 214.14(d)(2) ("Waiting List"). Thus, once the fiscal year limit is reached, "[a]ll eligible petitioners who, due solely to the cap, are not granted [U Visa] nonimmigrant status must be placed on a waiting list and receive written notice of such placement." *Id.* While on the Waiting List, the USCIS "will grant deferred action or parole to [U Visa] petitioners" on removal, and "in its discretion, may authorize employment for such petitioners and qualifying family members." *Id.* The USCIS does not grant any benefits to petitioners whose cases have not yet been reviewed for placement on the Waiting List.

---

[5] Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the Immigration and Naturalization Service was abolished and its functions transferred to DHS as of March 1, 2003. USCIS assumed the immigration-related service functions previously performed by INS, including adjudicating visa petitions. *See, e.g., Khalid v. DHS, USA*, 1 F. Supp. 3d 560, 569 (S.D. Tex. 2014).

[6] USCIS has received more than 30,000 new U Visa petitions in each fiscal year since 2015. Dkt. No. 20 at p. 5. By the end of Fiscal Year 2015, there were 134,967 U Visa petitions pending. *Id.*

In 2008, Congress amended the INA again and added the following language: "The Secretary [of DHS] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). The USCIS, however, "never implemented this amendment and do[es] not grant work authorization to petitioners prior to their placement on the U Visa waiting list. Nor do they even evaluate whether someone has a pending, bona fide application." *Patel v. Cissna*, 2019 WL 3945659, at *3 (M.D. Ga. Aug. 20, 2019).

**B. Plaintiffs' Lawsuit**

M.J.L and R.R.R. [7] ("Plaintiffs") are natives and citizens of Mexico. In 2013, Plaintiffs' five-year-old daughter was sexually abused by her kindergarten teacher while the family was living in Austin, Texas. Plaintiffs cooperated with the Travis County District Attorney's Office in the investigation, conviction, and, in 2015, sentencing of the perpetrator. Thus, Plaintiffs contend that they have complied with all statutory and regulatory requirements for U Visas due to their victimization and subsequent cooperation with law enforcement authorities.

In January 2017, Plaintiffs submitted their Petitions for U Visas and Applications for Employment Authorization ("AEA") pursuant to 8 U.S.C. § 1184(p)(6). *See* Exh. A to Dkt. No. 1.[8] To date, USCIS has not adjudicated Plaintiffs' U Visa Applications, added Plaintiffs to the Waiting List, or granted Plaintiffs' AEAs. Plaintiffs complain that they have no way to lawfully earn a living and are subject to removal by defendants while indefinitely waiting for the adjudication of

---

[7] On May 16, 2019, the District Court granted the Plaintiffs' request to seal Plaintiff's Original Petition and ordered that Plaintiffs and their family be referred to by their initials in subsequent court filings. Dkt. No. 12.

[8] In January 2019, Plaintiffs filed additional AEAs with the USCIS. *See* Exh. B to Dkt. No. 1. The Vermont Service Center of the USCIS, which processes U Visa petitions, returned the 2019 AEAs to Plaintiffs, telling Plaintiffs to review and resubmit them because "our records indicate you may have filed for an eligibility class which does not correspond with your current filings, the classification you entered is unclear, or the eligibility class you entered requires a fee (or fee waiver) and a fee has not been provided with your application." Exh. C to Dkt. No. 1. It is not clear whether Plaintiffs resubmitted the 2019 AEAs.

4

their U Visas and petitions for work authorization. Plaintiffs further aver that: "Defendants are circumventing Congressional intent and mandates by affirmatively and unapologetically avoiding their duties to preliminarily adjudicate U Visa applications for waitlist placements in a reasonable and timely manner, and refusing to grant EADs [Employment Authorization Decisions] under 8 USC 1184(p)(6)." Dkt. No. 23 at p. 3.

Accordingly, on May 3, 2019, Plaintiffs filed this lawsuit against the Defendants, seeking an order to compel them to adjudicate Plaintiffs' U Visa Applications and add Plaintiffs to the Waiting List. Specifically, Plaintiffs' Petition alleges that: (1) Defendants failed to comply with their statutory obligation to process their U Visa applications and to place them on the U Visa Waiting List within a reasonable time, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b); (2) Defendants violated their duty to add Plaintiffs to the Waiting List and should be ordered under the Mandamus Act, 28 U.S.C. § 1361, to perform that duty; (3) Defendants failed to issue work authorizations to Plaintiffs within a reasonable time, in violation of § 555(b) of the APA and 8 U.S.C. § 1184(p)(6); and (4) Defendants' refusal to comply with their non-discretionary duty to provide Plaintiffs with a ruling on their work authorizations constitutes agency inaction or unreasonable delay, in violation of 5 U.S.C. § 706(1) of the APA.

On July 31, 2019, Defendants filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks jurisdiction to review any of Plaintiffs' claims because "the pace of adjudication is wholly within the agency's statutory discretion and outside of this Court's jurisdiction to review." Dkt. No. 20 at p. 2. Alternatively, Defendants argue that Plaintiffs have failed to state a claim for relief and their claims therefore must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction and may exercise only jurisdiction expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

Defendants argue that this Court lacks jurisdiction to review any of Plaintiffs' claims in this case because the pace of adjudication of U Visas is within the USCIS's discretion and, therefore, outside of this Court's jurisdiction to review. The Court now determines whether it has jurisdiction over Plaintiffs' claims.

### A. Claim I: Unreasonable Delay in Agency Action

In Claim I, Plaintiffs allege that Defendants failed to comply with their statutory obligation to process Plaintiffs' U Visa Petitions and place them on the Waiting List within a reasonable time, in violation of the APA, 5 U.S.C. § 555(b). The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The Supreme Court has long applied "a strong presumption favoring judicial review of administrative action."

7

*Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1651 (2015). "Unless 'there is persuasive reason to believe' that Congress intended to preclude judicial review, the Court will not preclude review." *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2060 (2019) (quoting *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986)).

Relevant to Plaintiffs' claims, the APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a federal court to "compel agency action unlawfully held or unreasonably delayed." 5 U.S.C. § 706(1). The APA, however, prohibits judicial review of an agency action if (1) a statute "precludes judicial review," or (2) "the agency action is committed to agency discretion by law." 5 U. S. C. § 701(a). Thus, courts have jurisdiction under the APA to hear claims brought against an agency for unreasonable delay as long as judicial review is not precluded by statute or the agency action is not committed by law to agency discretion. *See Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (stating that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take").

### 1. Defendants' Challenge to the Court's Jurisdiction

Defendants argue that this Court lacks jurisdiction under § 701(a) of the APA to review Plaintiffs' unreasonable delay claims because 8 U.S.C. § 1252(a)(2)(B)(ii) of the INA precludes judicial review. Section 1252(a)(2)(B)(ii) states that no court shall have jurisdiction to review any "*decision or action*" that is "*in the discretion* of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Defendants argue that the pace of adjudication for U Visas is discretionary and therefore unreviewable.

The Court disagrees. While the USCIS's decision to grant or deny a U Visa petition is discretionary, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed is not. Plaintiffs are not seeking review of a discretionary decision or action

of USCIS with regard to their U Visa Applications; rather, Plaintiffs challenge USCIS's delay and inaction with respect to their nondiscretionary statutory duties to adjudicate U Visas under the INA.

It is undisputed "[t]he decision whether to grant a U Visa is statutorily committed to the discretion of the Secretary of Homeland Security, see 8 U.S.C. § 1101(a)(15)(U), and is exercised through USCIS." *L.D.G. v. Holder*, 744 F.3d 1022, 1024 (7th Cir. 2014); *see also* 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14(c)(1). Congress, however, also designated the USCIS as the agency responsible for "[a]djudications of immigrant visa petitions." 6 U.S.C. § 271(b)(1). Accordingly, the USCIS has a nondiscretionary statutory duty to *adjudicate* U Visas. *See, e.g., Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017) (noting that "both parties agree that USCIS has a duty to process [petitioner's U Visa] application"); *Patel v. Cissna*, 2019 WL 3945659, at *7 (M.D. Ga. Aug. 20, 2019) ("There is no dispute that Defendants are required by law to decide whether to place Plaintiff on the waiting list and have not done so."); *Lopez v. Cissna*, 2018 WL 5013830, at *4 (D.S.C. Oct. 15, 2018) (finding that defendants had a nondiscretionary duty under the APA to adjudicate U Visa petitions).[9] "The secretary cannot be charged with immigration administration and simultaneously have no duty to administrate. Such a result is

---

[9] Defendants rely on *Gonzalez v. Cissna*, 364 F. Supp. 3d 579 (E.D.N.C. 2019), *appeal docketed*, No. 19-1435 (4th Cir. Apr 23, 2019), in support of their argument that the pace of adjudication of U Visas is discretionary. The holding of *Gonzalez*, however, is not that "the pace of adjudication of plaintiff's waitlist placement and EADs" was "statutorily precluded from review by § 1252(a)(2)(B)(ii)," as Defendants state in their Reply brief. Dkt. No. 24 at p. 4. Instead, the *Gonzalez* court held that it lacked jurisdiction to review plaintiff's work authorization claims, but found that it had jurisdiction to address plaintiff's claim regarding the processing of U Visa petitions. *See Gonzalez*, 364 F. Supp. 3d at 584. The court did, however, dismiss the U Visa petition claims on their merits for failure to state a claim. *Id.* at 586. Plaintiffs also cite *Bian v. Clinton*, 605 F.3d 249 (5th Cir. 2010), *vacated as moot*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010), and *Beshir v. Holder*, 10 F. Supp. 3d 165, 173 (D.D.C. 2014). These cases are not controlling, however, as they involved Form I-485 applications to adjust permanent resident status, not U Visas. In addition, although the Fifth Circuit in *Bian* did find that the USCIS's pace of adjudication of the plaintiff's I-485 application was not subject to judicial review, the Fifth Circuit's holding is not controlling precedent because it was vacated as moot. *See Asgeirsson v. Abbott*, 696 F.3d 454, 459 (5th Cir. 2012) (stating that "this court has consistently held that vacated opinions are not precedent"), *cert. denied*, 568 U.S. 1249 (2013).

irrational." *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 546 (S.D.N.Y. 2008) (internal citations and quotations omitted).

In *I.N.S. v. St. Cyr*, 533 U.S. 289, 307-08 (2001), the Supreme Court addressed whether the district court had jurisdiction under 28 U.S.C. § 2241 to review the petitioner's challenge to the Board of Immigration Appeals' decision that he was ineligible to apply for discretionary relief from deportation. In finding that the habeas courts did have jurisdiction over such matters, the Supreme Court explained:

> Traditionally, courts recognized a distinction between eligibility for discretionary relief, on the one hand, and the favorable exercise of discretion, on the other hand. Eligibility that was "governed by specific statutory standards" provided "a right to a ruling on an applicant's eligibility," even though the actual granting of relief was "not a matter of right under any circumstances, but rather is in all cases a matter of grace." Thus, even though the actual suspension of deportation authorized by § 19(c) of the Immigration Act of 1917 was a matter of grace, in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), we held that a deportable alien had a right to challenge the Executive's failure to exercise the discretion authorized by the law.

*Id.* at 307-08 (internal citations omitted). Thus, the Supreme Court found that a discretionary decision to grant or deny an application is distinct and separate from the nondiscretionary duty to adjudicate those applications. Although the *St. Cyr* decision was in the context of habeas petitions under § 2241, the Court finds its reasoning applicable to the instant case. *See also Ayyub v. Blakeway*, 2010 WL 3221700, at *4 (W.D. Tex. Aug. 13, 2010) (holding that while the USCIS has the discretion to grant or deny an application for naturalization, the agency is without discretion to make no determination at all because the determination is required by law); *Saini v. USCIS*, 553 F. Supp. 2d 1170, 1176 (E.D. Cal. 2008) (concluding that "the duty to act on an application, as opposed to what action will be taken, is not discretionary on the part of the USCIS"); *Mueller*, 550 F. Supp. 2d at 546 ("Of course, the Attorney General has unfettered (and hence, unreviewable)

discretion whether to grant or deny an application. However, one cannot infer from that the existence of discretion to never decide it at all."); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004) (holding that court had jurisdiction under APA to review alien's claim where alien was not asking the court to grant the petition, but rather simply to make "*any* decision"); *Paunescu v. INS*, 76 F. Supp. 2d 896, 899-902 (N.D. Ill. 1999) (outlining the difference between discretionary action or decision, such as a denial of relief or decision to defer, and complete inaction and failure to make any decision).

Defendants argue that the pace of adjudication of U Visas is discretionary because the INA and related regulations do not provide a timeline for how quickly USCIS must adjudicate such visas. However, "a lack of timeframe alone does not render the statute optional." *Rodriguez v. Nielson*, 2018 WL 4783977, at *7 (E.D.N.Y. Sept. 30, 2018).[10] As one district court reasoned: "The absence of a specified deadline within which action must be taken does not change the nature of USCIS' obligation from one that is ministerial to a matter within the agency's discretion." *Saini*, 553 F. Supp. 2d at 1176. Although the INA does not specify the timeframe within which a decision on U Visa Petitions should be made, "by necessary implication the adjudication must occur within a reasonable period of time, since a contrary position would permit the USCIS to delay indefinitely, a result Congress could not have intended." *Id.* (internal quotation marks and citations omitted). Plaintiffs, moreover, are not simply complaining about the delay in the adjudication of their U Visas, but also that USCIS has failed to act on their Petitions at all.

In addition to the statutory requirement to adjudicate U Visas, the regulations promulgated under the INA provide that "[a]ll eligible petitioners who, due solely to the cap, are not granted

---

[10] The Court disagrees with the finding in *Rodriguez*, 2018 WL 4783977, at *11-13, that adjudication of employment authorization applications pursuant to 8 U.S.C. § 1184(p)(6) is not discretionary. However, the court's reasoning applies equally to the broader issue of adjudication of U Visas.

11

U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2). Defendants fail to explain how this provision is not mandatory.

Based on the foregoing, the Court finds that the USCIS has a nondiscretionary duty to adjudicate U Visas within a reasonable time, and therefore the Court has jurisdiction under the APA to review Plaintiffs' APA claim that the USCIS failed to adjudicate Plaintiffs' U Visas "within a reasonable time." *See Patel,* 2019 WL 3945659, at *7 (finding that court had jurisdiction to review claim that USCIS's unreasonable delay in deciding whether to place plaintiff on waiting list violated the APA); *Lopez*, 2018 WL 5013830, at *4 (same); *Rodriguez*, 2018 WL 4783977, at *20 (same). As the district court in *Kim* reasoned: "[USCIS] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." 340 F. Supp. 2d at 393. Accordingly, Defendants' Motion to Dismiss Plaintiffs' unreasonable delay claims for lack of jurisdiction should be denied.

2. **Defendants' Motion to Dismiss under Rule 12(b)(6)**

Defendants also have moved to dismiss Plaintiffs' unreasonable delay claim for failure to state a claim under Rule 12(b)(6), arguing that Plaintiffs have failed to show that there is an unreasonable delay in their cases. In assessing claims of agency delay under § 555(b) of the APA, courts apply the six-factor test first articulated in *Telecomm. Research & Action Ctr. v. F.C.C.* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the

> nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

(internal citations and quotations omitted); *see also Nat'l Grain & Feed Ass'n, Inc. v. OSHA*, 903 F.2d 308, 310 (5th Cir. 1990) (adopting *TRAC* factors). However, at this stage of the case, the Court has insufficient information with which to evaluate these factors. Accordingly, the Court finds that it is premature to address these factors at the motion to dismiss stage and before discovery has been completed. *See Rodriguez*, 2018 WL 4783977, at *21; *Lopez*, 2018 WL 5013830, at *5. Accordingly, the Court finds that Plaintiffs' Petition alleges "enough facts to state a claim to relief that is plausible on its face" and Defendants' Motion to Dismiss Plaintiffs' unreasonable delay of the adjudication of U Visas claims under the APA should be denied. *Twombly*, 550 U.S. at 570.

### B. Mandamus Claim

In Claim II, Plaintiffs ask the Court to order Defendants to perform their duty to add Plaintiffs to the U Visa Waiting List pursuant to the Mandamus Act, 28 U.S.C. § 1361. Under the Mandamus Act, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A petitioner "who seeks relief for immigration delays under the Mandamus Act and the APA must make essentially the same showing for both claims." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 829 (S.D. Tex. 2008). However, a petitioner can seek relief under the Mandamus Act only when there is no other remedy available to her. *Id.*; *see also Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004); *United States v. Denson*, 603 F.2d 1143, 1148 n.2 (5th Cir. 1979). Because "[t]he APA provides a remedy for unlawfully delayed agency action[,] mandamus is not necessary for relief." *Sawan*, 589 F. Supp. 2d at 826; *see also Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D. Tex. 2007) (finding that mandamus relief

is precluded by the availability of relief under the APA because mandamus relief requires that there be no other adequate remedies). Here, there are other remedies available to Plaintiffs—namely, a remedy under the APA. The undersigned recommends that Defendants' Motion to Dismiss Plaintiffs' claims for relief under the Mandamus Act be granted.

### C. Claims under 8 U.S.C. § 1184(p)(6)

In Claim III, Plaintiffs allege that Defendants have failed to issue work authorizations to them under 8 U.S.C. § 1184(p)(6) within a reasonable time, in violation of § 555(b) of the APA. In Claim IV, Plaintiffs seek an order pursuant to 5 U.S.C. § 706(1) of the APA to compel Defendants to decide whether they will grant work authorizations to them under § 1184(p)(6).

Section 1184(p)(6) of the INA clearly and unambiguously states: "The Secretary [of DHS] *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." (emphasis added). Accordingly, the statute gives USCIS the discretion to grant work authorizations to aliens with pending, bona fide U-Visa applications. *See Patel*, 2019 WL 3945659, at *4 (holding that court did not have jurisdiction over work authorization claim because language contained in § 1184(p)(6) is clearly discretionary); *Gonzalez*, 364 F. Supp. 3d at 584 (finding that court did not have jurisdiction to review § 1184(p)(6) claim because "[t]he statute clearly gives USCIS the *discretion* to grant work authorizations to aliens with pending, bona fide U-Visa applications"). Thus, the Court lacks jurisdiction under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252(a)(2)(B)(ii) to review Plaintiffs' claims regarding work authorizations under 8 U.S.C. § 1184(p)(6).

### D. Conclusion

In summary, the Court finds that it has jurisdiction to review Plaintiffs' claims under the APA for unreasonable delay in the adjudication of Plaintiffs' U Visa Petitions, but does not have jurisdiction to review Plaintiffs' claims under the Mandamus Act or under 8 U.S.C. § 1184(p)(6).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 20) be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to Claim I, "Unreasonable Delay in Agency Action 5 U.S.C. § 555(b)," and **GRANT** the Motion with regard to Plaintiffs' Claims II, III, and IV.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 13, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE